UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| WILLIE R. GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY SOCIAL SECURITY OFFICE; PAROLE OFFICER FBI AGENT SECURITY; POLICE; ALHAMBRA SECURITY OFFICE; IDAHO DIRECT EXPRESSION SOCIAL SECURITY OFFICE,<br><br>Defendants. | 3:23-CV-03015-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff Willie R. Griffin filed a pro se lawsuit. Doc. 1. Griffin moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 4. Griffin also filed a motion for polygraph. Doc. 2.

I.   **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Griffin's

financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Griffin's motion for leave to proceed in forma pauperis, Doc. 4, is granted. This Court now screens Griffin's complaint under 28 U.S.C. § 1915(e)(2).

## II.     1915 Screening

### A.     Factual Background

Griffin alleges that this Court has federal question jurisdiction over the claims in his complaint and that the basis is "law." Doc. 1 at 6. Griffin claims to be an attorney self-employed through the Supreme Court of the United States. Id. at 11; Doc. 1-1 at 3, 7; Doc. 6 at 2. Griffin requests relief of two-trillion dollars against "the state of Utah, and the state of Las Angeles . . . [f]or froud, and knowing the New Law that pass 30 year ago" about using expired driver's licenses for Social Security identification. Doc 1-1 at 1 (spelling errors in original quotation). Griffin claims that Direct Express and Social Security should have honored his expired driver's license with his Social Security card as valid identification. Id. at 1–2. He claims that he has been denied money paid to him by Social Security and that Social Security no longer pays his healthcare. Id. at 1. He alleges that Defendants committed fraud and that he is entitled to money damages for his full retirement benefit, money, pension, and health insurance. Id.

Griffin also asserts that he is being investigated by "micphone men." Id. at 2. He alleges that Direct Express is "a fraud, and a, mudder and is in conspirecy, and spire with the micphone men who claim to be the FBi agene, and the security, and Police who is a civi Right marcher and is a forger lender[.]" Id. at 2–3, 5 (spelling errors in original quotation). Griffin alleges that the "micphone men" give a "talk on what [he is] do are thinking every moring, and night." Id. at 3 (spelling errors in original quotation). He alleges that confidential information about him has been given to the community to prevent him from suing the state. Id.

Griffin claims to have been harassed by plaza security in yellow uniforms because he carried a walking stick on the property. Id. He alleges that he is half blind and that the security staffs' actions are harassment. Id. Griffin claims that at the "Weisand Center" he is unable to use the locker room, which Griffin alleges is "racial, and criminating[.]" Id. at 4. Griffin also alleges facts about an airline ticket that he purchased but did not use, and he claims that funds for the ticket were sent back to his Direct Express card. Id. at 5.

Griffin does not specify in which capacity he sues the defendants; thus, he sues the defendants in only their official capacities. Doc. 1 at 4–5; Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). Griffin is "suing for $2 Trillion Dollar the city, and state. Salt Lake City, and State of Utah. and the City of LA, and the State of California and the Id Dritect express. Thoe Police Department in Salt Lake City ut. The micphone men of LA Ca, and Salt lake social security office, and security officer, and Police deportment salt lack city conspirecy and spire." Doc. 1-1 at 6 (spelling errors in original quotation). He alleges the following claims: "For Temp of mudder, and Robbery, slander, orginize craime Raceal criminating and fraud, and fraudulent and for using half the Law which is fraud interfeaing with the Law, and interfear with personel Business and affair refuse to sent money that not thair rightfully, adding and bating[.]" Id. (spelling errors in original quotation). Griffin asks the court to "Lock [the Defendants] in a federal prisonment for 80 year to be tarcher for tring Kill Mr Willie R Griffin in the Death pented in the electric chair." Id. (spelling errors in original quotation). He also asks by motion that this Court order an unspecified individual to write back to him. Id. at 5.

**B.    Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights

complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

C.     **Legal Analysis**

Griffin's pro se lawsuit cannot survive screening under 28 U.S.C. § 1915 because it fails to state a claim upon which relief may be granted. Griffin's claims appear to be irrational or incomprehensible and thus subject to dismissal on screening. Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]' " Twombly, 550 U.S. at 545. Even liberally construing Griffin's claim, his complaint is not sufficiently clear to provide the defendants fair notice of what claims he alleges and the grounds upon which they rest.

1.     **Claims Under 42 U.S.C. § 405(g)**

Liberally construed, Griffin's complaint asks this Court to review the practices of Salt Lake City Social Security Office and Idaho Direct Expression Social Security Office in not permitting his expired driver's license to serve as a valid form of identification. "Federal courts have jurisdiction over social security claims under 42 U.S.C. § 405(g), which permits judicial review of a final decision of the social security commissioner." Sipp v. Astrue, 641 F.3d 975, 979 (8th Cir. 2011). Review is permitted "after any final decision of the Commissioner of Social Security made

after a hearing to which he was a party" if commenced within sixty days after mailing of notice of the decision. 42 U.S.C. § 405(g). Claims brought under this section must be brought in the district where the plaintiff resides or has his principal place of business, or if he does not have either in a district then in the District of Columbia. Id. "The commissioner's decision is not final unless the claimant has presented a claim for benefits to the commissioner and has exhausted the prescribed administrative remedies before seeking judicial review." Sipp, 641 F.3d at 979–80 (citing Schoolcraft v. Sullivan, 971 F.2d 81, 84–85 (8th Cir. 1992)).

Here, Griffin has not alleged that he had a hearing or that a final decision was rendered by the Social Security Commissioner. See generally Doc. 1-1. Because Griffin has not provided any evidence showing that the Social Security Commissioner rendered a final decision on denial of Griffin's benefits, Griffin has not stated a claim that could survive § 1915 screening. Even if Griffin had properly alleged that the Social Security Commissioner rendered a final decision, the District of South Dakota would not be the proper venue because Griffin has not indicated that he resides or has his principal place of business in South Dakota. Thus, Griffin has not stated a valid claim for this Court to review a decision from the Social Security Commission under 42 U.S.C. § 405(g), and his § 405(g) claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).[1]

---

[1] Should Griffin wish to refile his claims alleging the necessary information, the United States District Court for the District of South Dakota is not the proper venue for his claims. While improper venue is an affirmative defense, the United States Court of Appeals for the Tenth Circuit held that "a district court may, in certain limited circumstances . . . dismiss under § 1915 for lack of personal jurisdiction and for improper venue, as well as for affirmative defenses." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006). Griffin does not allege that any of the events occurred in South Dakota; he alleges that the events occurred in Utah and California. Doc. 1-1 at 1. A plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). Griffin's complaint does not allege facts to establish proper venue under either subdivision of § 1391(b) within the District of South Dakota.

### 2. Claims for Money Damages

#### i. Salt Lake City, Utah and Los Angeles, California

Griffin requests money damages from the City of Salt Lake City, Utah, and the City of Los Angeles, California. Doc. 1-1 at 1. But Griffin does not name Salt Lake City or Los Angeles as defendants. Doc. 1 at 4–5. Griffin sues the Social Security offices in Salt Lake City and Los Angeles, which are operated by a federal agency, the Social Security Administration. See 42 U.S.C. § 405(j)(3)(F). Thus, Griffin has not alleged any valid claims against Salt Lake City or Los Angeles, and Griffin's claims against Salt Lake City or Los Angeles are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

#### ii. Utah and California

Griffin requests money damages against the States of Utah and California. Doc. 1-1 at 1. The Supreme Court of the United States has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). "Eleventh Amendment immunity extends to states and arms of the state . . . ." Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotations omitted). Griffin has not alleged that Utah and California have waived their Eleventh Amendment sovereign immunity, and Griffin's claims against the States of Utah and California are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

#### iii. Social Security Administration

Construing Griffin's complaint liberally, he is suing the Social Security Administration, which is a federal agency. See Doc. 1 at 4–5. "Sovereign immunity bars claims against federal agencies for damages, and there is no suggestion that Congress intended to subject federal agencies to liability." Smith v. Motor City, 2023 WL 5275616, at *2 (D. Neb. Aug. 16, 2023) (citing Brown

7

v. Gen. Serv. Admin., 425 U.S. 820, 827 n.8 (1976)). Thus, Griffin fails to state a claim against the Social Security Administration, and Griffin claim against the Social Security Administration is dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### iv.     FBI

Griffin also alleges claims against an unidentified FBI agent. See Doc. 1 at 5; Doc. 1-1 at 3. "A suit against the agents in their official capacities is a suit against the United States, if the resulting decree would operate against the Government or if the resulting judgment would be satisfied from the public treasury." Moessmer v. United States, 613 F. Supp. 336, 338 (E.D. Mo. 1985) (citing Salla v. Califano, 499 F. Supp. 684 (N.D. Ill. 1980)). "The defense of sovereign immunity blocks suits against the United States for money damages in excess of $10,000.00 unless brought in the Court of Claims under the Tucker Act, 28 U.S.C. §§ 1346 and 1491." Id. (citing Clark v. United States, 596 F.2d 252, 253 (7th Cir. 1979)). Griffin requests relief of two-trillion dollars. Doc. 1-1 at 1. Thus, Griffin official capacity claims for money damages against the unidentified FBI agent are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3.     Civil Conspiracy

For a civil conspiracy claim to survive, the plaintiff has to prove four elements:

> (1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive [him] either directly or indirectly of [his] civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right.

Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999) (citing Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996)). "In order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." Kelly v. City of Omaha, 813 F.3d 1070, 1077 (8th Cir. 2016) (cleaned up

and citation omitted). "This standard requires that allegations of a conspiracy be pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." Id. at 1078 (cleaned up and citation omitted).

Griffin alleges that the FBI agent was helping the Social Security Administration to prevent him from bringing a claim against the state. Doc. 1-1 at 2, 3, 5–6. He alleges that defendants conspired, but he does not state any facts showing that defendants reached an agreement to conspire to deprive him of his rights. See generally id. He has not stated sufficient facts to show that a meeting of the minds occurred. Id. Because Griffin fails to allege sufficient facts to show a conspiracy occurred, Griffin's claims for civil conspiracy are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is ORDERED:

1. That Griffin's motion for leave to proceed in forma pauperis, Doc. 4, is granted.
2. That Griffin's complaint, Doc. 1, is dismissed without prejudice in part under 28 U.S.C. § 1915(e)(2)(B)(ii), and with prejudice in part, under 28 U.S.C. § 1915(e)(2)(B)(iii).
3. That Griffin's motion for polygraph, Doc. 2, is denied as moot.
4. That Griffin's motion for an unspecified individual to write back to him, Doc. 1, is denied as moot.

DATED November 14th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE